711 So.2d 383 (1998)
STATE of Louisiana, Appellee,
v.
Jeffrey Demetrius LEWIS, Appellant.
No. 30536-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1998.
*385 Richard E. Norred, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Spencer Hays, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and WILLIAMS and PEATROSS, JJ.
PEATROSS, Judge.
The state charged Jeffrey Demetrius Lewis ("Defendant") with three counts of distribution of cocaine and, in a separate case, with a related count of simple possession of cocaine. Pursuant to a plea agreement, he pled guilty to two counts of distribution and was sentenced to consecutive sentences of thirty years and ten years. Defendant appeals his sentences as excessive. For the following reasons, we affirm the convictions and sentences.

FACTS
At approximately 11 p.m. on October 11, 1996, Defendant sold two rocks of crack cocaine for $20 to an undercover agent of the Bossier City Police Department in a Bossier City hotel room. The agent had asked for a larger quantity, so Defendant left the room to check with his supplier. He returned shortly and, at a few minutes past midnight, sold approximately nine rocks to the agent for $70.
On October 15, 1996, at the same location, Defendant approached the agent and offered to sell two rocks to him for $40 and the agent accepted the offer. Police later executed a search warrant at the hotel room occupied by Defendant.
Defendant was subsequently charged with three counts of distribution and a related charge of simple possession, which arose when the search warrant was executed. He bargained to plead guilty to the first two counts of distribution in exchange for the state's agreement to dismiss the third count and the simple possession charge as well as not to charge him as a multiple offender. The district court imposed consecutive sentences of thirty years and ten years at hard labor and denied a timely motion to reconsider. Defendant appeals his sentences as excessive.

DISCUSSION
In appealing his sentences as excessive, Defendant contends that the trial court erred by failing to adequately consider mitigating circumstances, giving inappropriate emphasis to Defendant's prior arrests and improperly weighing the fact that Defendant used aliases. Defendant also argues that the district court erred in imposing consecutive sentences without particularizing its reasons and in directing that the sentences be served without benefit of probation, parole or suspension of sentence. Finally, Defendant argues in his brief that the district court erred by not advising him at the time of the guilty plea that the sentence would be imposed without benefit of parole. We first address Defendant's latter claim.

Failure to Advise at Time of Plea of Ineligibility for Parole
Since this claim raises an issue concerning the validity of the underlying guilty plea and convictions, we first address Defendant's argument that the district court erred by not advising him at the time of the guilty pleas that the sentences could be imposed without benefit of parole.[1] The district court *386 first informed Defendant, at sentencing, that he was ineligible for parole consideration. That statement, read in context, was correct.
The statute under which Defendant was convicted, LSA-R.S. 40:967, provides that a person who violates its provisions shall be sentenced to "a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars." Ineligibility for parole, therefore, is not a mandatory portion of the sentence imposed for convictions under this statute.
Defendant was, however, a third-felony offender. LSA-R.S. 15:574.4 A(1) provides, in pertinent part, that "[a] person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole." Thus, Defendant's ineligibility for parole arises from his status as a third-felony offender and not as a mandatory portion of the sentence to be imposed under the statute of conviction.
Since Defendant is ineligible for parole due to his status as a third-felony offender rather than due to a mandate of the statute of conviction, the district court was not required to advise him of that ineligibility at the time it accepted his guilty plea. This claim, therefore, lacks merit.

Excessiveness of Sentences
We turn next to Defendant's claim that his sentences are excessive. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight in sentencing. State v. Berry, 29,945 (La. App.2d Cir. 10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir. 2/26/97), 690 So.2d 864.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La. App.2d Cir. 4/2/97), 691 So.2d 345.
Past records of drug offenses weigh heavily in the decision to uphold maximum sentences in contraband cases. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.), writ denied, 605 So.2d 1113 (1992); State v. Mayweather, 556 So.2d 200 (La.App.2d Cir. 1990).
A third-felony offender is not eligible for probation or suspension of sentence. La. C.Cr.P. art. 893.
Prior to imposing sentence, the court reviewed a PSI report and considered a *387 statement from Defendant's father that Defendant, age 34, was a drug user but had been raised "to be an excellent young man." The court noted, however, that Defendant's criminal history sheet showed Defendant had numerous convictions. In 1981, Defendant was convicted in California for carrying a concealed weapon and was charged with having an illegal weapon in a public place.[2] Defendant was convicted of armed robbery in 1982 and received convictions for "use under the influence of a controlled substance" and possession and sale of a dangerous weapon in 1986. In 1987, he was charged, but not convicted, of carrying false ID as a peace officer.[3] Defendant was convicted in 1988, in separate cases, for battery, felony possession of controlled dangerous substances, a second instance of having the false ID of a peace officer, and illegal possession of a knife. In 1993, after a period of incarceration, Defendant was convicted of misdemeanor possession of controlled dangerous substances. He subsequently moved to Louisiana and was arrested in 1996 for simple battery.
The trial judge determined that Defendant was "at least" a third-felony offender, explaining that he used the term "at least" since the PSI indicated Defendant had used four aliases and three social security numbers in the past. Apparently contemplating Defendant's numerous convictions, jail sentences, periods of probation and one period of parole which was revoked, the court stated that Defendant repeatedly failed to correct his lifestyle. The court found that a lesser sentence would deprecate the seriousness of the offense, considering the facts of the case, and noted that Defendant had benefitted from his plea bargain. Finally, as discussed above, the court stated that Defendant was not entitled to probation or parole consideration due to his third-felony offender status.
Defendant urges that the trial judge failed to consider the mitigating factors that Defendant is a drug user whose illegal activity was motivated to supply his habit and not for financial gain, that the drugs involved were not distributed to the public, that no violence or juveniles were involved and that Defendant has a newborn son who is in need of his support. Defendant also contends the court failed to consider that many of the arrests mentioned in his criminal history sheet did not result in conviction and that his first felony conviction occurred some 15 years ago in 1982 when he was a youthful offender. Defendant additionally argues that there is nothing wrong per se with using aliases and, therefore, the court should not have considered that as a sentencing factor.
We find no merit in Defendant's arguments. The record reflects that the trial judge adequately considered the criteria enumerated in La.C.Cr. P. art. 894.1. As stated above, the trial judge is not required to list every mitigating circumstance. Smith, supra. We do not find that the trial court erred in imposing the maximum sentence for count one or in imposing a ten-year sentence for count two upon this third-felony offender. Defendant has three prior convictions relating to controlled dangerous substances. He benefitted greatly from his plea bargain which reduced his sentencing exposure and relieved him of responsibility for a third charge of distribution of a controlled dangerous substance. The facts of the case indicate that Defendant is an active trafficker of cocaine. This record shows an adequate factual basis for the thirty-year and ten-year sentences imposed. This argument is without merit.

Consecutive Sentences
Emphasizing that concurrent sentences are preferred, Defendant further contends that the trial court improperly imposed consecutive, rather than concurrent, sentences without particularizing its reasons.
La.C.Cr. P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless *388 the court expressly directs that some or all be served consecutively.
It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. McCray, 28,531 (La.App.2d Cir. 8/21/96), 679 So.2d 543; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La. 1988).
Concurrent sentences arising out of a single cause of conduct are not mandatory and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921(La.), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993); State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985).
As a general rule, a judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992), writ denied, 612 So.2d 55 (La.1993); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987). A trial judge must consider the appropriate factors in conjunction with sentencing; however, he need not specifically address remarks to the issue of consecutivity. State v. Nelson, supra.
When the defendant, however, has engaged in a single course of conduct, consecutive sentences may be justified if, due to the defendant's past conduct or repeated criminality over an extended period, the defendant poses an unusual risk to the safety of the public, similar to that posed by habitual or dangerous offenders. State v. Conway, 588 So.2d 1369 (La.App. 2d Cir.1991), writ denied, 610 So.2d 797 (La.1993), citing State v. Miller, 561 So.2d 892 (La.App. 2d Cir. 1990), writ denied, 566 So.2d 983 (La.1990); State v. Camps, 476 So.2d 864 (La.App. 2d Cir.1985), writ denied 481 So.2d 616 (La. 1986), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658 (1986).
In the instant case, the trial court directed the sentences on the two counts to run consecutively, apparently considering each sale made by Defendant to the undercover officer to be different transactions.
Even assuming, arguendo, that the two counts involved were close enough in time and place to be considered "same act" crimes, the trial court was not obligated to order concurrent sentences. In the instant case, the trial judge "expressly directed," as required by Article 883, that Defendant's thirty-year and ten-year sentences run consecutively. While the trial judge did not specifically say, "I order the sentences to be served consecutively because ...," the record supports the imposition. State v. Nelson, supra. The trial court emphasized Defendant's criminal history, noting the seriousness of the several offenses. The court further recognized that, notwithstanding his many prior convictions, including weapons and drug offenses, the Defendant had repeatedly failed to correct his lifestyle when granted probation or parole. The trial court's detailed articulation of various sentencing factors justifies consecutive sentences. See State v. Nelson, supra. The consecutive sentences are supported by the record and are not constitutionally excessive, needless or purposeless or shocking to the conscience. This argument is without merit.

DECREE
The Defendant's convictions and sentences are AFFIRMED.
NOTES
[1] Defendant did not include this claim in his assignments of error or in his motion to reconsider, nor did he raise this objection during the guilty plea colloquy or at sentencing. A trial court's failure to advise a criminal defendant that the statute under which he is pleading guilty denies the benefit of parole, however, constitutes error patent. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987). We therefore examine the issue under the authority of La. C.Cr.P. art. 920(2).
[2] We note that the trial judge erroneously stated that the latter charge resulted in a conviction. The charge was actually dismissed.
[3] The trial judge erroneously said this misdemeanor arrest resulted in conviction.