740 So.2d 741 (1999)
STATE of Louisiana, Appellee,
v.
Everett Charles WILLS, Jr., Appellant.
No. 32,073-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*742 Harvetta S. Colvin, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Donna Hall, Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, PEATROSS & KOSTELKA, JJ.
*743 PEATROSS, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Leon L. Emmanuel, III, presiding. Defendant Everett Charles Wills, Jr. pled guilty to armed robbery and attempted second degree murder, in violation of La. R.S. 14:64 and 14:30.1, respectively. On the charge of armed robbery, the trial court sentenced Defendant to 5 years at hard labor without benefit of probation, parole or suspension of sentence. On the charge of attempted second degree murder, the trial court sentenced Defendant to 15 years at hard labor to run concurrent with any other sentence imposed. Defendant appeals, assigning the following five errors: (1) the trial court erred in refusing to review, prior to sentencing, exhibits, documents and other information proffered at the sentencing hearing; (2) the trial court erred in refusing to allow evidence to be proffered at the sentencing hearing; (3) the trial court erred in denying Defendant's motion to review documents and other information at the sentencing hearing; (4) the trial court erred in its determination that Defendant was the shooter; and (5) the sentence imposed by the trial court is excessive. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
On June 11, 1995, at approximately one o'clock a.m., Defendant Everett Charles Wills ("Defendant") and his companion, Zurich Snow ("Snow"), called a taxicab to Defendant's residence on Lillian Street in Shreveport. The cab, driven by Richard Johnson, arrived at the house, and the two men exited the house and got into the cab. Defendant was armed with a semi-automatic pistol. They ordered Mr. Johnson to take them to a dark section of Shreveport-Blanchard Highway. One of the two men brandished the firearm and demanded money from Mr. Johnson. That same individual ordered Mr. Johnson out of the car, placed the gun to the side of Mr. Johnson's head (in the area of his jawline) and fired, shooting him through the head. Defendant and Snow left Mr. Johnson on the highway and drove the cab to a nearby intersection where, after wiping the cab down for any fingerprints, they abandoned the vehicle.
Miraculously, Mr. Johnson survived the shooting, and a passing police officer found him and called for aid. Mr. Johnson was able to scrawl on a piece of paper the address where he had picked up Defendant and Snow. Police officers then went to the address and spoke with Defendant. Initially, Defendant denied ever calling a cab. In later statements to police, however, he admitted calling the cab, but stated that the cab never came. Finally, Defendant admitted his part in the armed robbery, but denied that he was the shooter.[1]

PROCEDURAL BACKGROUND
Procedurally, this case presents an interesting scenario. Defendant pled guilty to armed robbery and attempted second degree murder, but specifically stated he was not pleading guilty as the shooter. At the guilty plea, entered on October 30, 1997, the trial judge explained the possible penalties for each offense, noting that a plea agreement had been reached regarding the sentence on the armed robbery charge, which he stated to be 5 years without benefit of probation, parole or suspension of sentence. With respect to the charge of second degree murder, Defendant qualified his guilty plea as follows:
MR. GLASSELL [Defendant's trial counsel]: That's correct, Your Honor, [Defendant] would tender a guilty plea to the charge of armed robbery and *744 would tender a guilty plea to the charge of attempted second degree murder. On the attempted second degree murder charge he's pleading guilty as a principal, not as the actual shooter. And I think we've talked about sentencing and I'd like for you to put something on the record about sentencing at this time. (Emphasis added.)
The trial judge stated that he had determined a sentencing range after meeting with Defendant's lawyer and that Defendant's sentence would be based on a later determination of whether Defendant was or was not the shooter. Such determination would be based on evidence beyond a reasonable doubt either way, as the trial judge stated:
THE COURT: Secondly, you're going to enter a plea of guilty to attempted second degree murder, and the Court is not sentencing you on that today; however, the Court will state for the record that pursuant to [sic] discussion with the State and your lawyer, the Court, not by agreement between your lawyer and the State but with the Court, the Court has decided of a sentencing range. That range would be a minimum of eight years at hard labor and a maximum of 30 years at hard labor.
The court will make its final determination of the actual sentence based upon two things, first of all, based upon evidence which will be presented to this Court. If the Court is persuaded based upon the evidence or is convinced beyond a reasonable doubt based upon the evidence that you were not the shooter, then you will receive eight years. If based upon the evidence presented at trial, the Court is persuaded beyond a reasonable doubt that you were the shooter, the maximum that you could get is 30 years, but the Court will take a second consideration hearing based upon additional testimony at a sentencing hearing. Do you understand what I'm saying?
THE DEFENDANT: Yes, sir.
The trial judge went on to properly inform Defendant of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The State then offered the following recitation of the facts:
MR. OWEN: Your Honor, on June 11, 1995 this defendant Everett Charles Wills did in concert or with the defendant, with Zurich Snow, planned to commit an armed robbery. Either of these individuals called a cab to come to the house on Lillian Street where Everett Charles Wills did reside at that time. The cab came, Everett Charles and Zurich Snow entered the back of that cab while Everett Charles Wills was armed with a pistol, semi-automatic. The two individuals then asked the driver to drive them to a location. One of the individuals brandished the firearm and demanded money. One of the individuals then demanded that the defendant I mean, that the victim, the driver of the cab, exit the vehicle, while one of the two individuals got into the driver's seat of the vehicle. The other individual put the gun to the back of the cab driver's head and pulled the trigger. The the [sic] cab driver was shot through the head. The bullet entered the back of his skull and exited through the front of his skull. He survived and a police officer passing by called for aid.
The victim then scrawled the address that he had picked up the two people that had robbed and shot him at. The police then went to that address where this individual answered the door and denied ever calling a cab. Upon further investigation the police returned, this individual then admitted that he did call a cab but it never came. This individual later admitted his part in the armed robbery but then denied the shooting.
The picking up by the cab driver, the demanding of the money, and the shooting of the cab driver all occurred in Caddo Parish. Regardless of whether this individual actually pulled the trigger, *745 he did after the shooting of the cab driver, rifle through the glove compartment in an attempt to locate another weapon. He did aid and assist Zurich Snow in the wiping down and abandoning of the cab, and did return to his residence and hinder the investigation by denying his involvement therein. These facts all occurred in Caddo Parish and constitute one count of armed robbery and one count of attempted second degree murder.
Except for the statement made regarding the wipe down of the car subsequent to the shooting, Defendant agreed with the facts as stated, and agreed that he was guilty under those facts.
On July 1, 1998, an evidentiary hearing was held to determine whether Defendant was or was not the shooter; and the trial court, based on the evidence introduced at that hearing, made the determination that Defendant was the shooter. On July 7, 1998, at the sentencing hearing, Defendant moved for the trial court to reconsider its determination that Defendant was the shooter and requested that police reports, transcribed statements of Defendant and Snow and a taped statement of Mr. Johnson be placed in the record. The trial court refused to consider this information or allow a proffer of the tape as they pertained to the issue of the identity of the shooter which had already been determined at the prior hearing. The trial court did allow additional evidence concerning other issues pertaining to sentencing, such as letters of character submitted on behalf of Defendant. The trial court sentenced Defendant to 5 years for the armed robbery and 15 years for the attempted second degree murder, to run concurrently.
Defendant filed a motion to reconsider his sentence, asserting that the trial court erred in finding that he was the shooter and that it was unclear which standard was applied by the trial court in reviewing evidence presented at the sentencing hearing. Defendant also requested that his sentence be reduced from 15 to 8 years and that the trial court articulate what standard of proof it employed in making the determination that Defendant was the shooter. Defendant's motion to reconsider his sentence was denied and the instant appeal followed.

DISCUSSION
Defendant places great emphasis on the trial court's failure to clearly identify the standard of proof which it applied at the hearing wherein Defendant was determined to be the shooter and, ultimately, questions the propriety of that conclusion. Defendant also challenges the sentence imposed as excessive on the basis that the trial court imposed the 15-year sentence only because it had determined that Defendant was, in fact, the shooter, a conclusion with which, as previously stated, the Defendant takes issue. These issues are discussed in Defendant's assignments of error numbers 4 and 5. Since we find that resolution of these issues effectively disposes of the matter on appeal, we will address these assignments first.
Assignment of Error number 4: Determination that Defendant was the shooter
Defendant's challenges relating to the trial court's determination that he was the shooter, and the standard by which it judged the evidence, present interesting issues, but are, nonetheless, nonessential inquiries in the determination of whether Defendant's plea of guilty to attempted second degree murder was voluntary and sufficient to support his conviction. When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reasons the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. *746 Linear, 600 So.2d 113 (La.App. 2d Cir. 1992).
Defendant pled guilty to the offense of attempted second degree murder.[2] Upon entering Defendant's plea, defense counsel emphatically stated: "[o]n the attempted second degree murder charge he's pleading guilty as a principal, not as the actual shooter." (Emphasis added.) Since Defendant pled guilty, his statement to the trial court that he was not pleading guilty as the shooter, generally, would not have any effect on the sentencing range because, under the law of principals, it makes no difference whether the Defendant actually pulled the trigger so long as he was "a person concerned in the commission of a crime...." La. R.S. 14:24. The issue of whether Defendant was or was not the shooter, therefore, is irrelevant. The appropriate inquiry following Defendant's Alford plea was whether or not a factual basis existed to support a finding that Defendant had the specific intent that the victim be killed, as required by La. R.S. 14:27 and 14:30.1, defining second degree murder.[3] On the record as a whole, we cannot say that the plea was factually unfounded. Defendant agreed with the State's rendition of the facts of the case which included Defendant's planning to commit the robbery and that he was carrying a semi-automatic pistol which he owned. The record is replete with inconsistencies in Defendant's story regarding who actually shot Mr. Johnson. Additionally, at one point Defendant claimed that he voluntarily handed the gun to Snow, and then in a subsequent statement claimed that Snow "snatched" the gun from him and proceeded to shoot Mr. Johnson. We find that there was a sufficient factual basis shown that Defendant, whether or not he was the shooter, intended that Mr. Johnson be killed in the course of the robbery.
Assignment of error number 5: Excessive Sentence
Defendant bases his claim of excessive sentence on the premise that the trial court erred in determining that he was the shooter. Defendant, therefore, requests that his sentence be reduced to 8 years, the term the trial court agreed to impose in the event it was convinced that Defendant was not the shooter.
The State argues that considering the offense committed, Defendant's sentence is not excessive. The State submits that even if the trial court erred in determining that Defendant was the shooter, i.e., even if Defendant was not the shooter, the sentence was not excessive. We agree. As previously stated, whether Defendant was or was not the shooter should have been irrelevant to his level of culpability for this crime because he pled guilty, and a factual basis was shown that he intended that the victim be killed. Viewing the record as a whole, we find the sentence imposed to be extremely lenient in light of the violent and brutal nature of this crime.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894 1. The trial judge is not required to list every aggravating or mitigating *747 circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98),715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988). There is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Additionally, a plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La. App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
The second prong examines whether the sentence imposed is constitutionally excessive which depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The length of Defendant's sentence hardly seems excessive considering the seriousness of the offense. The evidence clearly shows that the weapon used to commit the crime belonged to Defendant and that he and Snow planned and intended to commit the crime, including the death of the victim who was the only witness. Under the sentencing provisions of La. R.S. 14:27, defining attempted crimes, Defendant could have faced 50 years, representing one-half of a life sentence. Defendant, however, enjoyed the self-imposed cap of the trial court of 30 years, and ultimately, benefitted immensely from the leniency of the trial court's sentence of only 15 years to run concurrent with his previously imposed sentence of 5 years for the armed robbery charge. We find that the sentence of 15 years at hard labor is not excessive for the offense of attempted second degree murder.[4]
*748 Assignments of error numbers 1-3: Failure to review evidence at sentencing
We find that the trial court's determination that Defendant was the shooter was fully supported by the evidence produced at the sentencing hearing; however, because it does not affect the validity of the conviction and constitutionality of the sentence, we conclude that the evidentiary issues arising out of the hearing wherein Defendant was determined to be the shooter are moot. We, therefore, pretermit any discussion on assignments of error numbers 1-3.

CONCLUSION
For the reasons stated herein, Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Both Snow and Defendant ultimately admitted participating in the incident; however, each denied that he was the shooter and claimed that the other actually pulled the trigger. Each of the men pled guilty to the crimes. Snow was sentenced before Defendant, by a different court, to serve 5 years on the charge of armed robbery and 8 years on the charge of attempted second degree murder, to run concurrently.
[2] Since the sentence for armed robbery was an agreed sentence and is not at issue on appeal, our discussion is limited to the plea and sentence for attempted second degree murder.
[3] A conviction of attempted second degree murder requires proof that the perpetrator had the specific intent to kill the victim. State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). Defendant's argument is confusing. By pleading guilty to armed robbery and pleading guilty as a principal to attempted second degree murder, but denying he was the shooter, it seems that he may believe that he was entering a plea to second degree felony murder, based on the armed robbery. A charge of attempted second degree murder cannot be based on an underlying felony; there must exist the specific intent to kill the victim. Id. If Defendant had the requisite intent, whether he was or was not the shooter is irrelevant.
[4] This court has considered a plethora of cases involving a question of excessiveness of sentence for attempted second degree murder convictions. See, State v. Maxie, 30,877 (La. App.2d Cir.8/19/98), 719 So.2d 104 (twenty years at hard labor not excessive for a first felony offender); State v. Randle, 31,070 (La. App.2d Cir.9/23/98), 719 So.2d 169 (guilty plea by defendant sentenced to forty years at hard labor found not to be excessive considering that defendant was principal to crime and he actively participated in planned, violent act); State v. Shipp, 30,562 (La.App.2d Cir.4/8/98), 712 So.2d 230 (50 years at hard labor not excessive); State v. Golson, 27,083 (La.App.2d Cir.6/21/95), 658 So.2d 225, writ denied, 97-0165 (La.10/10/97), 703 So.2d 600 (40 years at hard labor not excessive for first felony offender); State v. Owens, 606 So.2d 876 (La.App. 2d Cir.1992) (30 years at hard labor not excessive for first felony offender who was 25 years old at sentencing).