749 So.2d 862 (1999)
STATE of Louisiana, Appellee,
v.
Eddie HERRINGTON, Appellant.
No. 32,858-KA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
*863 Paul Kidd, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Dist. Atty., Penny Docier, Asst. Dist. Atty., Counsel for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The defendant, Eddie Herrington, appeals as excessive his sentence to ten years at hard labor, following his plea of guilty to aggravated battery. We affirm the conviction and sentence.

FACTS
The defendant had an ongoing dispute with the victim, Chris Tarver. The defendant insisted that Tarver owed him a $50 refund for a faulty transmission. On April 4, 1998, the defendant, who was intoxicated, entered a bar in Richland Parish. Tarver was already present in the bar. The two men exchanged words. The defendant left the bar, but returned 30-40 minutes later, armed with a pistol. The defendant confronted Tarver and then shot him twice in the chest and three times in the back, as Tarver attempted to flee. Another patron in the bar was also shot. The defendant contended that he did not begin firing until Tarver grabbed the gun.
The defendant then left the bar and was arrested a short time later. The defendant was originally charged with two counts of attempted second degree murder. Pursuant to a plea bargain agreement, the charge regarding Tarver was reduced to aggravated battery and the defendant entered a plea of guilty. The charge concerning the injured bystander was severed.
*864 Following a presentence investigation (PSI), the trial court sentenced the defendant to serve ten years at hard labor. At sentencing, the defendant was informed that he would be required to serve 85 percent of his sentence before he became eligible for parole. The defendant made an oral motion to reconsider the sentence, which was denied by the trial court. The defendant then appealed, arguing that the sentence imposed is excessive.

EXCESSIVE SENTENCE
On appeal, the defendant claims that his sentence is excessive due to a number of mitigating factors. The defendant asserts that, prior to the present offense, he has been a law-abiding person, with no prior felony convictions. He asserts that he took responsibility for his actions and voluntarily paid restitution to Tarver. He also argues that his intoxication at the time of the shooting should have been considered. He further adds that maximum terms of sentencing are appropriate only for the worst offenders. He asks the court to find that his sentence was excessive in light of the above factors.
The state counters that the sentence was appropriate under the facts of the case. It argues that the trial court considered all of the factors the defendant noted. The state focuses on the fact that he was convicted twice before for driving while intoxicated and these acts show a disregard for the safety of others. The state contends that, intoxicated or not, shooting into a room full of people indicates a serious disregard for life. Not only did the defendant discharge his weapon, but he fired several times, hitting two people. The state contends that the sentence imposed is not an abuse of discretion.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). There is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Additionally, a plea bargain which brings about substantial benefit to a defendant is a legitimate consideration in sentencing. State v. Wills, 32,073 (La. App.2d Cir.6/16/99), 740 So.2d 741; State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
The second prong examines whether the sentence imposed is constitutionally excessive which depends upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense and is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the *865 crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430; State v. Wills, supra. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
In this case, the record shows that the trial court considered the factors enumerated in La.C.Cr.P. art. 894.1. The trial court noted that the defendant, who was 46 years old at the time of the guilty plea, was a first felony offender. The court also stated that the victim, Tarver, was shot five times by the defendant and was severely injured. Tarver lost a portion of his colon and the function of one kidney, as well as suffering a collapsed lung. The court noted that the defendant's family paid Tarver approximately $6,000 for medical expenses and lost wages, in an attempt to avert a civil suit for damages. The court noted that the defendant had two prior convictions for driving while intoxicated, first offense. Regarding the defendant's personal history, the court considered that the defendant had previously been married and had a child that was born in the 1970s. The defendant served two years in the United States Navy. After his discharge, he worked steadily doing painting and drywall work. The court considered the fact that the defendant was intoxicated at the time this offense occurred. Although the trial court felt that the defendant would not commit a similar offense, the seriousness of the present offense was a determining factor in the decision to order the defendant to serve a period of incarceration. The court sentenced the defendant to serve 10 years at hard labor, finding that any lesser sentence would deprecate the seriousness of the offense. The court informed the defendant that, under the circumstances of this case, he would not be eligible for parole until he served 85 percent of his sentence. La. R.S. 15:574.4 provides that a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least 85 percent of the sentence imposed, before being eligible for parole. Aggravated battery is defined as a crime of violence under La. R.S. 14:2(13)(e).
Under these facts, the trial court did not abuse its discretion in the sentence imposed. The defendant behaved recklessly, firing into a crowed room. This action evinced a total disregard for human life. The defendant's bullets struck two people. The victim in this case was severely injured. The defendant was originally charged with two counts of attempted second degree murder; the defendant faced a maximum sentence exposure of 50 years at hard labor, without benefit of parole, probation, or suspension of sentence for each count. The defendant received a substantial benefit by pleading guilty to the reduced charge of aggravated battery. Under these facts, we find that the sentence was tailored to both the offender and the offense. The sentence is not a needless and purposeless infliction of pain and suffering and does not shock the sense of justice. Therefore, we affirm the sentence.

PAROLE INELIGIBILITY
The defendant argues that the trial court failed to inform him, prior to the *866 entry of his guilty plea, that he would be required to serve 85 percent of his sentence prior to being eligible for parole. Therefore, he claims that the plea was not voluntarily entered. The defendant raises this issue as "error patent."
La.C.Cr.P. art. 556.1 provides that defendants must be told the minimum and maximum penalties possible when pleading guilty. That statute provides in pertinent part:
In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
The record indicates the trial court informed the defendant of the statutory penalty for aggravated battery, which is a fine of not more that five thousand dollars, imprisonment with or without hard labor for not more than ten years or both. La. R.S. 14:34. The question in the present case is whether the parole eligibility restrictions found in La. R.S. 15:574.4(B) must also be told to the defendant prior to the entry of a guilty plea. We find that they do not.
The defendant bases his argument on State v. Hill, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814, which requires that defendants be informed when a sentence must be served "without the benefit of parole." In Hill, the defendant was charged with sexual battery, which carries a maximum sentence of 10 years, with or without hard labor, and the sentence must be served without the benefit of parole, probation or suspension of sentence. The court failed to inform the defendant that his sentence would be "without the benefit of parole." On that basis, this court set aside Hill's guilty plea, finding that, without the information that the sentence must necessarily be served without the benefit of parole, the plea was not voluntary. However, in Hill, the denial of parole was a part of the sentence set forth in the statute of conviction. In the present case, the restriction on parole eligibility is not a part of the statutory penalty.
In State v. Lewis, 30,536 (La.App.2d Cir.4/8/98), 711 So.2d 383, the defendant made an argument similar to that raised in the present case. The defendant pled guilty to drug related charges. After the plea, the defendant discovered that he was not eligible for parole under La. R.S. 15:574.4 because he was a third felony offender. He appealed, arguing that his plea was not voluntary because he was not informed of his ineligibility for parole. This court held that the trial court did not have to inform the defendant that he was ineligible for parole because it was not part of the statute under which he pled guilty. In State v. Lewis, supra, this court stated:
Defendant was ... a third-felony offender. LSA-R.S. 15:574.4 A(1) provides, in pertinent part, that "[a] person convicted of a third or subsequent felony... shall not be eligible for parole." Thus, Defendant's ineligibility for parole arises from his status as a third-felony offender and not as a mandatory portion of the sentence to be imposed under the statute of conviction.
Since Defendant is ineligible for parole due to his status as a third-felony offender rather than due to a mandate of the statute of conviction, the district court was not required to advise him of that ineligibility at the time it accepted his guilty plea.
In State v. Lewis, supra, the defendant was denied parole eligibility due to his status as a third felony offender. In the present case, the defendant is required to serve 85 percent of his sentence of incarceration due to his status as a violent offender. The requirement that the defendant serve 85 percent of his sentence prior *867 to parole eligibility upon conviction of a crime of violence stems from La. R.S. 15:574.4, rather than the aggravated battery statute, La. R.S. 14:34. Under State v. Lewis, supra, the trial court was not required to inform the defendant that he would not be eligible for parole until he served 85 percent of his sentence.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Eddie Herrington.
AFFIRMED.