830 So.2d 354 (2002)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jerry Don MOSELEY, Defendant-Appellant.
No. 36,550-KA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
Rollin W. Cole, Jr., for Defendant-Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, C. Sherburne Sentell, III, Louis Charles Minifield, Assistant District Attorneys, for Appellee.
Before BROWN, PEATROSS and HARRISON (Pro Tempore), JJ.
HARRISON, Judge Pro Tempore.
Pursuant to a plea agreement, Jerry Don Moseley entered a guilty plea to three counts of aggravated incest, a violation of La. R.S. 14:78.1. Moseley appeals his sentence as excessive. For the reasons set forth below, we affirm the convictions but vacate the sentence and remand for re-sentencing in accordance with the law.

Facts
Moseley and Cammy McAdams married and had three children together. McAdams also had a daughter from a prior relationship, S.W. During the period September 1997 through May 1998, Moseley and McAdams were legally separated and Moseley had weekend visitation rights to all *355 four of the children. Moseley confessed that over this time he engaged in sexual intercourse with his stepdaughter, S.W., on at least three occasions while he was exercising his child visitation rights. She was born on October 1, 1985 and was, therefore, 11 years old during a portion of the applicable time period when he was engaging in prohibited sexual acts.
Moseley was indicted for the aggravated rape of S.W., in violation of La. R.S. 14:42 A(4). The state notified the defense of its intent to seek the death penalty. Through a plea bargain, Moseley entered a plea of guilty to three counts of aggravated incest, violations of La. R.S. 14:78.1 which are individually punishable by a fine not to exceed $50,000, or imprisonment, with or without hard labor, for a term not less than five years, nor more than 20 years, or both. On each count the district court imposed a sentence of twenty years at hard labor, ten years of which to be served without benefit of parole, probation, or suspension of sentence, or good time, pursuant to La. R.S. 15:537. The court also imposed, on each count, a fine of $1000 plus costs, with one year default time, and ordered Moseley to pay for all of S.W.'s counseling. The court directed that the sentences on counts one and two be served consecutively, and that the sentence on count three be served concurrently. Thereafter, Moseley filed a timely motion for reconsideration of sentence, which was denied and this appeal follows.

Discussion
Defendant's sole assignment of error is that his sentence is excessive and that the sentences on all three counts should be served concurrently. He points out his remorse for his conduct and the absence of a previous criminal history as mitigation.
The record is replete with sufficient facts to support Moseley's convictions. Accordingly, the convictions are affirmed.
Due to error patent, we do not address Moseley's sentencing claims. At the time of the offense, it was entirely within the trial court's discretion to deny good time, pursuant to La. R.S. 15:537.[1]See, State v. Frith, 30,555 (La.App. 2 Cir. 4/8/98), 711 So.2d 388. The statute of conviction, La. R.S. 14:78.1, does not provide for the denial of parole, probation, or suspension of sentence. As two other courts have already noted, "A sentence upon a conviction of aggravated incest, La. R.S. 78.1, is not required to be served without these benefits." State v. Terrebonne, 2001-2632 (La. App. 1 Cir. 6/21/02), 822 So.2d 149; State v. May, 00-43 (La.App. 5 Cir. 5/17/00), 760 So.2d 1260. However, under La. R.S. 15:538 A and B, the denial of Moseley's eligibility for probation, parole, or suspension of sentence is self-executing unless he is prohibited from engaging in certain work which would expose him to minor children.
Although La.C.Cr.P. art. 882 grants a reviewing court the authority to correct an illegal sentence, we believe a remand is more appropriate than simply deleting the without benefit of probation, parole, or suspension of sentence language. Accordingly, we vacate the sentences and remand for the district court's exercise of its full sentencing discretion in accordance with the law.

Conclusion
The convictions are affirmed. The sentences are vacated. The matter is remanded *356 to the district court for re-sentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED.
BROWN, C.J., concurs with written reasons.
BROWN, C.J., concurring.
Parole, Probation and Suspension
La.R.S. 15:538 provides that a sexual offender's sentence shall be without eligibility for parole, probation or suspension. The victim in this case was the 11-year-old stepdaughter of defendant, and aggravated incest is a sexual offense which brings into play 15:538(C). Both 15:537 (as amended) and 15:538 appear to be self-executing. I do not believe that it is wrong for the trial court to say "without parole pursuant to R.S. 15:538." In this case, however, the trial court's denial of parole for one-half rather than for the entire sentence was a misstatement of the law and should be corrected.
I would further note that defendant received a substantial benefit in the acceptance of his guilty plea to a lesser charge. In addition, other charges involving the stepdaughter and his own children were not filed. In State v. Stiles, 99-1528 (La.05/16/00), 769 So.2d 1158, the supreme court upheld consecutive maximum sentences imposed for multiple counts of aggravated incest with a minor.
NOTES
[1] We note that La. R.S. 15:537 A was amended in 2001 to mandate the denial of good time to certain enumerated sex offenders. However, the law in effect at the time of the commission of the offense is determinative of the penalty which the accused must suffer. State v. Wright, 384 So.2d 399 (La.1980).