850 So.2d 909 (2003)
STATE of Louisiana, Appellee,
v.
Everett C. FULLER, Appellant.
No. 37,127-KA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
James E. Beal, Louisiana Appellate Project, for Appellant.
William R. Coenen, Jr., District Attorney, Doug Wheeler, Assistant District Attorney, for Appellee.
Before BROWN, DREW and MOORE, JJ.
BROWN, C.J.
For nearly two years, starting when she was seven years old, defendant, Everett C. Fuller, repeatedly sodomized his step-daughter. A grand jury indicted defendant for aggravated rape. The state filed notice of aggravating circumstances and of its intent to seek the death penalty. On *910 September 17, 2002, prior to a hearing to suppress his inculpatory statement and pursuant to a written plea and sentencing agreement, defendant pled guilty to forcible rape, a violation of La. R.S. 14:42.1, and to violating his probation on a prior drug offense. The trial court sentenced defendant to serve thirty years at hard labor for the forcible rape conviction, revoked the previously imposed five-year probated sentence for the drug charge, and ordered him to serve the five-year and thirty-year sentences consecutively. Defendant filed a pro se appeal on September 24, 2002, without an attached proposed order. On October 18, 2002, he filed the proposed order pro se. Defendant was granted an out-of-time appeal, and an attorney was appointed to represent him.
On December 17, 2002, defendant's counsel filed a motion to withdraw as counsel of record, together with a Benjamin brief in support of the motion. On January 10, 2003, this court notified defendant that he could file a brief in this appeal within 30 days; however, defendant neither requested the record nor filed any brief. The state's appellate brief asserts that there are no errors patent in the record.

Discussion
Motion to Withdraw
State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), outlines the procedure to be utilized in the appellate courts when a brief is filed on behalf of an indigent defendant by appointed counsel who does not find any error to raise on appeal. Such counsel must provide a detailed discussion of various aspects of the case, including sufficiency of the evidence, the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court's compliance with sentencing procedures. Id. A defendant is entitled to "the benefit of what wealthy defendants (contemplating an appeal) are able to acquire by purchasea diligent and thorough review of the record and an identification of any arguable issues revealed by that review ..." Id., quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In the instant case, the court-appointed counsel adequately reviewed and evaluated defendant's prospects for an appeal. Defendant had agreed to the guilty plea and the sentence in a written document. Counsel also reviewed the voluntary nature of defendant's oral inculpatory statement. Counsel ultimately concluded that the appeal was without merit and wished to withdraw. The brief filed on behalf of defendant sufficiently complies with the Benjamin requirements. As previously noted, this court informed defendant that he had the right to file a brief on his own behalf; he has not done so. Therefore, appellate counsel's motion to withdraw is granted.
Conviction and Sentence
This court has conducted an error patent review of the record and found no errors patent. The grand jury selection procedure (including the foreperson selection procedure), the grand jury indictment, the amendment to the bill of indictment, the arraignment, and the guilty plea and sentencing procedure were correctly done.
Pursuant to La. C. Cr. P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which is set forth in the record at the time of the plea. See State v. Armstrong, 26,031 (La.App.2d Cir.05/04/94), 637 So.2d 629. Even so, considering that defendant greatly benefitted from the plea agreement by avoiding the possibility of a death penalty or life imprisonment, *911 the sentence was not unconstitutionally excessive.
The trial court specified to defendant during the guilty plea colloquy that "[A]t least two years of the sentence (for forcible rape) imposed shall be without benefit of probation, parole, or suspension of sentence." However, at sentencing, the trial court did not impose the mandatory two years without benefit. In a case where a specific time period is mandated to be served without benefit, the failure of the sentencing court to specifically state this "shall not in any way affect the statutory requirement that all or a portion of the sentence be served" without such benefit. La. R.S. 15:301.1(A); State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 799.
In addition, under La. R.S. 15:538, the denial of probation, parole, or suspension of the entire sentence for forcible rape is mandatory and self-executing4 for a "sexual offender" such as defendant. See State v. Moseley, 36,550 (La.App.2d Cir.10/23/02), 830 So.2d 354 (Brown, J., concurring). Defendant is the quintessential "sexual offender" as defined in La. R.S. 15:536.
[A] person who has violated R.S. 14:78 (incest), R.S. 14:78.1 (aggravated incest), R.S. 14:89(A)(1) (crime against nature), R.S. 14:89.1 (aggravated crime against nature), R.S. 14:93.5 (sexual battery of the infirm) or any provision of Subpart C of Part II (which includes forcible rape), or Subpart A(1) of Part V (which includes indecent behavior with a juvenile and molestation of a juvenile), of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950. (Emphasis added).
Furthermore, La. R.S. 15:537 mandates the denial of good time to a "sexual offender" such as defendant. State v. Moseley, supra. The provisions are self-executing and are to be implemented by the Louisiana Department of Public Safety and Corrections.
Accordingly, defendant's conviction and sentence are affirmed.

Conclusion
For the foregoing reasons, the motion to withdraw is GRANTED, and defendant's conviction and sentence are AFFIRMED.