850 So.2d 1058 (2003)
STATE of Louisiana, Appellee,
v.
Douglas PALMER, Appellant.
No. 37,355-KA.
Court of Appeal of Louisiana, Second Circuit.
July 8, 2003.
Edward K. Bauman, Lake Charles, Paula Corley Marx, Louisiana Appellate Project, Lafayette, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
*1059 Before BROWN, CARAWAY, and KOSTELKA (Pro Tempore), JJ.
BROWN, C.J.,
Defendant, Douglas R. Palmer, age 24, forcibly entered a residence in Mansfield and raped a 14-year-old girl. The victim said she was too frightened to scream or to resist. The victim's brother caught defendant in the act. A medical exam confirmed that sexual activity had occurred. Defendant was originally charged by bill of information with aggravated burglary and forcible rape. Pursuant to a plea agreement, the rape was reduced to felony carnal knowledge of a juvenile, a violation of La. R.S. 14:80, and the burglary was dismissed. Defendant pled guilty to the reduced charge and was sentenced to serve five years at hard labor of which two years were suspended. The trial court denied his timely motion to reconsider his sentence. Defendant now appeals his sentence as excessive. For the following reasons, we affirm.

Discussion
On this record, we do not find constitutional error. Defendant, who has a twelfth-grade education and a wife, had no excuse or justification for his criminal behavior. He unlawfully entered a residence, forced a 14-year-old girl onto a table, pulled down her pants, and proceeded to fondle and rape her. The offense of conviction does not adequately describe his conduct. The evidence, viewed in the light most favorable to the prosecution, would support a conviction for forcible rape, a violation of La. R.S. 14:42.1, which carries a sentencing exposure of up to 40 years at hard labor. It would also support a conviction for aggravated burglary, a violation of La. R.S. 14:60, which carries a sentencing exposure of up to 30 years at hard labor. The offense of conviction, felony carnal knowledge of a juvenile, carries a sentencing exposure of not more than ten years at hard labor and an optional fine. The sentence imposed is mid-range. It is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence which, under the facts and circumstances of this case, is not excessive.[1]

Conclusion
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] We note that defendant is a sexual offender as defined in La. R.S. 15:536, and the victim was a minor. Therefore, the provisions of La. R.S. 15:537 (denial of good time) and La. R.S. 15:538 (ineligibility for probation, parole or suspension of sentence unless certain conditions are imposed) are self-executing. See State v. Fuller, 37,127 (La.App.2d Cir. 06/25/03), 850 So.2d 909, 2003 WL 21459246; State v. Moseley, 36,550 (La. App.2d Cir.10/23/02), 830 So.2d 354 (Brown, J., concurring).