# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-226

STATE OF LOUISIANA

VERSUS

DANIEL R. FONTENOT, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 69196-FA
HONORABLE J. LARRY VIDRINE, PRESIDING
\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters and Billy H. Ezell, Judges.

Peters, J., concurs in the result with written reasons.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

C. Brent Coreil, District Attorney
Raymond J. LeJeune, Assistant District Attorney
Evangeline Parish
P.O. Drawer 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
    State of Louisiana

Mark O. Foster
Louisiana Appellate Project
P.O. Box 2057
Nachitoches, LA 71457-2057
(318) 572-5693
COUNSEL FOR DEFENDANT-APPELLANT:
    Daniel R. Fontenot

**COOKS, Judge.**

The Defendant pled guilty to molestation of a juvenile and was sentenced to serve eight years at hard labor, two years suspended, and upon release be placed on active supervised probation for three years. The trial court also found the offense was a crime of violence. Defendant appeals his sentence.

## FACTS AND PROCEDURAL HISTORY

On April 14, 2005, the Evangeline Parish District Attorney's Office filed a Bill of Information charging Defendant, Daniel R. Fontenot, with Aggravated Sexual Battery, a violation of La.R.S. 14:43.2.

On October 6, 2005, Defendant pled guilty to an amended charge, molestation of a juvenile, a violation of La.R.S. 14:81.2.[1]  At the plea hearing, the following exchange took place:

**BY THE COURT:**

> Alright.  Mr. LeJeune would you read to Mr. Fontenot what the maximum penalties [are that] he's facing, and also give the factual basis that gave rise to these charges, within a limited scope because we don't want to put out too much because this involves a juvenile.

**BY MR. LEJEUNE:**

> Correct Your Honor.  Molestation of a Juvenile is a violation of R.S. 14:81.2 and Molestation of a Juvenile is defined as the commission over the age of 17.  In this particular case I think the defendant is 18 or 19.

**BY MR. CHAPMAN:**

> 19 or 20.

**BY MR. LEJEUNE:**

> 19 or 20, of any lewd or lascivious act upon the person or in the

---

[1] The date-stamp in the record shows that the amended bill was not filed until October 12; however the minutes and transcript show the bill was amended in open court before Defendant entered his plea.  Although the Defense brief suggests the amendment was made pursuant to a plea agreement and the State's brief suggests there was a "plea bargain," the hearing transcript shows there was no agreement.

presence of a child under the age of 17 and in this particular case Your Honor the victim was six (6) years of age, where there is an age difference of greater than two years, so there, --uh--, with the intention of rousing or gratifying the sexual desires of any person by the use of the duress menace [sic], and in this particular case Your Honor, the defendant did in fact insert, fondle and insert his finger into the vagina of the victim. Whoever commits the crime of Molestation of a Juvenile shall be fined not more than $5,000 or imprisoned with or without hard labor for not less than one nor more than ten years or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with provisions of Code of Criminal Procedure, Article 893 as we have acknowledged earlier this also is a crime that falls under the sexual reporting act.

The court ordered a pre-sentence investigation (PSI) and set a sentencing date.

On January 26, 2006, the court sentenced Defendant to serve eight years at hard labor, suspended two years of the sentence, and ordered that upon release Defendant be placed on active supervised probation for three years. Counsel for Defendant immediately moved for reconsideration of the sentence, which the court denied. Further, the court found the offense was a crime of violence.

Defendant now appeals his sentence, assigning three errors:

1. The Trial Court erred in sentencing the defendant as having committed a crime of violence, as defined by La.R.S. 14:2(13).

2. In light of mitigating factors and circumstances in this case, the trial court erred in imposing an unconstitutionally excessive sentence for the defendant.

3. The Trial Court erred in its failure to adequately consider all of the mitigating factors in this case, thus has failed to comply with the mandates of La.C.Cr.P. Art. 894.1.

### ASSIGNMENT OF ERROR NO. 1

In his first assignment, Defendant argues the lower court erred in sentencing him "as having committed a crime of violence, as defined by La.R.S. 14:2(13)." That statute provides in pertinent part:

(13) "Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force

against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence" . . . .

A number of offenses are then listed in the statute, but the present offense, molestation of a juvenile, is not among them. However, as Defendant acknowledges, at least one court has held the list is illustrative, rather than exclusive. *See Coates v. Day*, 00-2164 (La.App. 1 Cir. 12/28/01), 804 So.2d 893. The fourth circuit agreed with *Coates*, in *Raymond v. Orleans Parish School Board*, 03-0560 (La.App. 4 Cir. 9/3/03), 856 So.2d 27.

Molestation of a juvenile is defined by La.R.S. 14:81.2, which states, in pertinent part:

Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Defendant argues there was no evidence that the crime at issue was violent, because no serious bodily injury occurred. At issue is not whether the present offense was executed in a violent manner, but whether molestation of a juvenile generally, as defined by La.R.S. 14:81.2, is a "crime of violence," as defined by La.R.S. 14:2(13). Molestation is inherently a crime of violence, such as stalking, which is enumerated in La.R.S. 14:2(13). Such crimes are of a genera that is violent in nature. Thus, they are "crimes of violence" even when, in a particular case, the defendant does not inflict serious bodily injury. The elements and nature of the present offense fit the definition given in La.R.S. 14:2(13). Thus, the trial court did not err in this case by finding

Defendant committed a crime of violence.

Defendant argues the "crime of violence" designation "has significant consequences to the resulting sentence, and any [of] the sentences in any subsequent conviction." We note the court's finding that the offense was a crime of violence was subsequent to pronouncement of the sentence, and the court did not modify the sentence after making the finding. Further, Defendant does not point to any consequences the designation produced in his sentence. Diminution of the sentence was not affected by the designation, since molestation of a juvenile is clearly a sex offense, and thus is precluded from such diminution, pursuant to La.R.S. 15:537. Also, suspension of sentence is not precluded for a first-offense violation of La.R.S. 14:81.2. *See* La.Code Crim.P. art. 893(A).

Defendant also complains the designation could cause him to receive an increased sentence, should he later face habitual offender proceedings. However, this argument amounts to speculation. Discussing a similar type of argument, the fifth circuit stated:

> [T]he Louisiana Supreme Court has stated that Louisiana jurisprudence has never required that a defendant be informed that a guilty plea may be used as the basis for the filing of a future habitual offender bill of information. *See, State v. Nuccio*, 454 So.2d 93, 104 (La.1984). *Accord, State v. Manson*, 01-159 (La.App. 5th Cir.6/27/01), 791 So.2d 749, 764.

*State v. Tomlinson*, 05-201, p. 6 (La.App. 5 Cir. 10/6/05), 916 So.2d 1200, 1203-04.

This court has discussed a similar notice problem:

> Finally, we consider the defendant's assertion that the sentencing hearing did not comply with La.Code Crim.P. art. 556.1(A)(1) because the trial court did not inform him that aggravated second degree battery would be designated as a crime of violence, which would mandate that the defendant serve eighty-five percent of his sentence before becoming eligible for parole or good time release under La.R.S. 15:574.4(B).

> In *State v. Herrington*, 32,858 (La.App. 2 Cir. 12/8/99), 749 So.2d 862, the second circuit considered a similar argument presented by a

defendant who had not been informed that he would have to serve eighty-five percent of his sentence before he could obtain parole following his plea of guilty to aggravated battery. In *Herrington*, the second circuit stated:

> In *State v. Lewis*, 30,536 (La.App.2d Cir.4/8/98), 711 So.2d 383, the defendant made an argument similar to that raised in the present case. The defendant pled guilty to drug related charges. After the plea, the defendant discovered that he was not eligible for parole under La. R.S. 15:574.4 because he was a third felony offender. He appealed, arguing that his plea was not voluntary because he was not informed of his ineligibility for parole. This court held that the trial court did not have to inform the defendant that he was ineligible for parole because it was not part of the statute under which he pled guilty. In *State v. Lewis, supra,* this court stated:
>
>> Defendant was . . . a third-felony offender. LSA-R.S. 15:574.4 A(1) provides, in pertinent part, that "[a] person convicted of a third or subsequent felony . . . shall not be eligible for parole." Thus, Defendant's ineligibility for parole arises from his status as a third-felony offender and not as a mandatory portion of the sentence to be imposed under the statute of conviction.
>>
>> Since Defendant is ineligible for parole due to his status as a third-felony offender rather than due to a mandate of the statute of conviction, the district court was not required to advise him of that ineligibility at the time it accepted his guilty plea.
>
> In *State v. Lewis, supra,* the defendant was denied parole eligibility due to his status as a third felony offender. In the present case, the defendant is required to serve 85 percent of his sentence of incarceration due to his status as a violent offender. The requirement that the defendant serve 85 percent of his sentence prior to parole eligibility upon conviction of a crime of violence stems from La. R.S. 15:574.4, rather than the aggravated battery statute, La. R.S. 14:34. Under *State v. Lewis, supra,* the trial court was not required to inform the defendant that he would not be eligible for parole until he served 85 percent of his sentence.

*Id.* at 866-67.

Because the trial court is only required to designate whether a defendant is entitled to parole under the statute of conviction, which in the present matter is La.R.S. 14:34.7, the trial court was not required to inform the defendant that good time or parole would be barred under La.R.S. 15:574.4(B). Therefore, this assignment is without merit.

*State v. Roe*, 05-116, pp. 6-7 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, 1269-71 (footnote omitted), *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

Defendant complains the proceedings below lacked due process. He argues that he did not receive any notice that the offense would be designated a crime of violence. However, *Roe* indicates no such notice is necessary, and as already noted, Defendant has not demonstrated any prejudice. Further, it is not clear what remedy Defendant seeks from any such prejudice. He does not argue that his plea should be vacated. He does not claim that he would not have pled guilty had he known the offense would be designated a crime of violence. He did not bargain for any particular sentence, but instead simply pled guilty without regard to the potential sentence.

In *State ex rel. Lee v. State*, 04-1376 (La. 6/17/05), 904 So.2d 695, the supreme court vacated a guilty plea because the defendant did not realize he was ineligible for the Impact Program. However in that case, participation in the program was a "material inducement" to the plea. In the present case, as already noted, there was no plea bargain and thus no such inducement.

In regard to the issue of potential prejudice, the designation of the instant offense as a crime of violence does preclude Defendant from eligibility for an intensive incarceration program. La.R.S. 15:574.4(A). However, there is no indication in the record that Defendant would have been recommended for the program, in the absence of the statutory prohibition. The PSI acknowledged Defendant's eligibility at the time it was prepared. At that point, the court had not yet

designated the offense as a crime of violence. However, the PSI did not recommend Defendant's placement in an intensive incarceration program, because of the serious nature of the offense he pled guilty to committing.

As noted, the trial court did not err in this case by finding molestation of a juvenile is a crime of violence, pursuant to La.R.S. 14:2(13). Further, the lack of notice that the offense would be so designated does not constitute reversible error. Defendant was apprised at the plea hearing of the maximum possible sentence, received less, and suffered no apparent prejudice. Thus, this assignment of error lacks merit.

### ASSIGNMENTS OF ERROR NOS. 2 & 3

In these assignments, Defendant asserts his sentence is excessive and the trial court failed to properly consider mitigating factors in the case as required by La.Code Crim.P. art. 894.1. Defendant made an oral motion to reconsider the sentence immediately after it was announced, but did not state a basis for the motion. Thus, he is now relegated to a bare claim of excessiveness. La.Code Crim.P. art. 881.1(E), *State v. Mims*, 619 So.2d 1059 (La.1993).

As noted previously, the trial court sentenced Defendant to serve eight years at hard labor, but suspended two years, with three years of supervised probation upon release. Louisiana Revised Statute 14:81.2(B) carries a maximum fine of five thousand dollars, or imprisonment for one to ten years, or both.

The analysis for excessive-sentence claims is well-settled:

> To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion.

-7-

*State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

This court has also observed:

> The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron*, 00-1238 (La.App. 3 Cir. 2/1[4]/01); 780 So.2d 1123, *writ denied*, 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler*, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.
>
> *State v. Collins*, 03-388, p. 4 (La.App. 3 Cir. 10/8/03), 865 So.2d 117, 120.
>
> The requirements of La.Code Crim.P. art. 894.1 have been subsumed into courts' analyses for excessiveness in *State v. Telsee*, 425 So.2d 1251 (La.1983), which observed that the article's criteria help advance the constitutional analysis.

*State v. Rubin*, 04-1531, pp. 9-10 (La.App. 3 Cir. 4/6/05), 899 So.2d 180, 186, *writ denied*, 05-1218 (La. 12/16/05), 917 So.2d 1106.

Further, in *State v. Whatley*, 03-1275, p. 6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 959, this court stated, "The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion: 1. The nature of the crime, 2. The nature and

background of the offender, and 3. The sentence imposed for similar crimes by the same court and other courts."

Regarding the first factor, even Defendant in his brief acknowledges the crime was "egregious." Defendant pled guilty to inserting his finger into the vagina of the six-year-old victim.

As for the second factor, both appellate and trial counsel have raised the possibility that Defendant suffers from "diminished capacity." The PSI indicates Defendant was placed in some type of special education classes in first grade for which he received federal benefits, and dropped out of school in the seventh grade. However, he subsequently earned his G.E.D. At the guilty plea hearing, he demonstrated to the trial court's satisfaction that he had the capacity to proceed, and there is no indication in the record or in his present arguments, that he did not or does not understand the criminality of his actions.

In *State v. Walker*, 416 So.2d 534, 536 (La.1982), the supreme court explained that to comply with La.Code Crim.P. art. 894.1 a trial court must do more than merely state its reliance upon the PSI. However, the court in the present case acknowledged the arguments of counsel, which highlighted a number of factors relevant to sentencing, e.g., the age of the victim and Defendant's first-offender status. Thus, the court did more than simply rely upon the PSI in sentencing, and considered the mitigating factors put forth by Defendant.

Regarding the third factor from *Lisotta* and *Whatley*, there is little jurisprudence on point for comparison of sentences. In *State v. Calhoun*, 94-2567 (La.App. 1 Cir. 2/23/96), 669 So.2d 1351, *rev'd on other grounds*, 96-786 (La. 5/20/97), 694 So.2d 909, the court approved a six-year sentence under La.R.S. 14:81.2(B). Unlike the present Defendant, the defendant in *Calhoun* had a number

of prior arrests, and had acted systematically to lure underage girls to pose nude. On the other hand, the defendant in *Calhoun*, like the present defendant, was classified as a first offender. Also, the discussion in *Calhoun* does not mention that physical contact was involved, whereas the present Defendant physically violated the victim. Further, the youngest victims in *Calhoun* were thirteen years old, while the current victim was six.

In light of *Calhoun*, considering both the differences and the similarities between it and the present case, and the other two factors of the *Lisotta-Whatley* analysis, we find Defendant's sentence was not grossly disproportionate to the severity of the crime and the trial court did not abuse its broad sentencing discretion. Therefore, these assignments lack merit.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find several errors involving the sentence imposed.

First, the trial court erred in failing to deny the Defendant eligibility for diminution of sentence in accordance with La.R.S. 15:537(A). That statute *requires* diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including molestation of a juvenile (the present offense). In *State v. G.M.W.,* 05-391, pp. 1-2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, this court found that La.R.S. 15:537 is clearly a directive to the trial court, and the trial court's failure to comply with La.R.S.15:537 renders the sentence illegally lenient:

> At the outset, we note that, at sentencing, the trial court stated that it was denying the Defendant eligibility for diminution of sentence in accordance with La.R.S. 15:571.3(C)(4)(E). The trial court had no authority to deny the Defendant diminution of sentence under the statute cited; however, the trial court was required to deny the Defendant diminution eligibility under La.R.S. 15:537(A), which *requires* that

-10-

diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated incest. We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences. Thus, we amend the Defendant's sentences to reflect that diminution of sentence is denied pursuant to La.R.S. 15:537 rather than La.R.S.57[1].3 as stated by the trial court.

Thus, the sentence imposed in the present case is illegally lenient because the trial court failed to deny diminution of sentence pursuant to La.R.S. 15:537.[2] Normally, this court would amend the sentence on its own to reflect the denial of diminution eligibility under La.R.S. 15:537; however, as a result of errors that will be discussed below, the sentence must be remanded for correction by the trial court. Upon remand for correction, the trial court is instructed to deny eligibility for diminution of sentence in accordance with La.R.S. 15:537.

The next set of errors involves the trial court's failure to impose conditions of probation. Since certain probation conditions are mandatory, this case must be remanded for imposition of these conditions. The trial court erred in failing to impose the conditions of probation mandated by La.R.S. 15:538. That statute mandates that certain probation conditions be imposed in order for a sexual offender to be eligible for probation. These conditions include limitations on business and volunteer work activities and limitations on the defendant's proximity to certain facilities. They also include mandatory treatment plans in certain circumstances.

---

[2] We note the second circuit has held that the requirements of La.R.S. 15:537 "are self-executing and are to be implemented by the Louisiana Department of Public Safety and Corrections. *State v. Palmer*, 37,355 (La.App.2d Cir.07/08/03), 850 So.2d 1058; *State v. Fuller*, 37,127 (La.App.2d Cir.06/25/03), 850 So.2d 909; *State v. Moseley*, 36,550 (La.App.2d Cir.10/23/02), 830 So.2d 354 (Brown, J., concurring)." *State v. Ellis*, 38,740, p. 12 (La.App. 2 Cir. 8/18/04), 880 So.2d 214, 222. Notwithstanding the second circuit's holdings, this court in *G.M.W.* found that the trial court is responsible for denying diminution under La.R.S. 15:537 and the failure to do so renders the sentence illegally lenient.

Although the Department of Corrections may be enforcing the conditions of probation mandated by La.R.S. 15:538, in order for the conditions to be valid grounds for revocation, they must be imposed by the trial court rather than the Department of Corrections. In *State v. Patterson*, 628 So.2d 107 (La.App. 5 Cir. 1993), the fifth circuit stated that any conditions of probation not imposed by the trial court are illegal and should not be used for revocation. See also *State v. Day*, 05-287 (La.App. 3 Cir. 11/2/05), 915 So.2d 950, where this court stated that the trial court, not the probation officer, must establish a payment schedule for fees ordered as a condition of probation. Thus, in order for the probationary conditions mandated by La.R.S. 15:538 to be valid conditions of probation, they must be imposed by the trial court.

Finding the trial court erred in failing to impose the conditions of probation mandated by La.R.S. 15:538, we must now determine whether the entire sentence must be vacated or whether the case must simply be remanded for imposition of the conditions mandated by La.R.S. 15:538. This court has not required vacation of a sentence and remand for resentencing when the trial court fails to establish a payment schedule for fees ordered as a condition of probation or when the trial court fails to impose a supervision fee. *Day*, 915 So.2d 950; *State v. Bey*, 03-277 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268. See also *State v. Thomas*, 05-1051 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, where this court did not require vacation of the entire sentence when restitution was imposed outside of the defendant's presence. In these situations, this court has remanded for the trial court to correct the error without vacating the entire sentence and remanding for resentencing. Therefore, we find the present case should be remanded for correction of the error (i.e., the imposition of the probation conditions mandated by La.R.S. 15:538), without vacating the entire sentence. Upon remand, the trial court is also instructed to deny eligibility for

diminution of sentence in accordance with La.R.S. 15:537.

The trial court also failed to impose a probation supervision fee. When probation is ordered, a probation supervision fee must be imposed as a condition of probation. La.Code Crim.P. art. 895 and *Bey*, 857 So.2d 1268. The failure to impose a probation supervision fee may sometimes be corrected by ministerial correction of the record. *Id.* However, because the sentence must be remanded for the trial court to impose the mandatory conditions of probation set forth in La.R.S. 15:538, we instruct the trial court to impose a probation supervision fee as mandated by La.Code Crim.P. arts. 895 and 895.1.

Finally, the trial court failed to advise Defendant of the two-year prescriptive period for filing post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8 requires the trial court to advise a defendant of the time period at sentencing. Accordingly, upon remand for the above sentencing errors, the trial court should be instructed to advise Defendant of the prescriptive period provided for in La.Code Crim.P. art. 930.8.

### DECREE

For the foregoing reasons, Defendant's sentence is affirmed. However, the case is remanded for the trial court to impose the mandatory conditions of La.R.S. 15:538 and a probation supervision fee in accordance with La.Code Crim.P. arts. 895 and 895.1. The trial court is also instructed to deny Defendant eligibility for diminution of sentence as mandated by La.R.S. 15:537. Lastly, the trial court is instructed to advise Defendant of the La.Code Crim.P. art. 930.8 prescriptive period for filing post-conviction relief.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

NUMBER 06-226

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

DANIEL R. FONTENOT, JR.

PETERS, J., concurring.

I generally agree with the result of the majority opinion and specifically agree that the trial court did not err in concluding, under the facts of this case, that the offense committed by the defendant is a crime of violence as defined in La.R.S. 14:2(13). However, I disagree with the majority's conclusion that a violation of La.R.S. 14:81.2 is *always* a crime of violence.

In addressing the defendant's argument that the offense at issue could not be a crime of violence because his actions resulted in no serious bodily injury to the victim, the majority states that the offense of molestation of a juvenile "is inherently a crime of violence." However, in rejecting the defendant's argument, the majority simply states that "[t]he elements and nature of the present offense fit the definition given in La.R.S. 14:2(13)." Thus, the initial statement is simply dicta.

Louisiana Revised Statutes 14:2(13) defines a crime of violence, in pertinent part, as one "that has, as an element, the use, attempted use, or threatened use of *physical force* against the person or property of another, *and* that, by its very nature, involves a substantial risk that *physical force* against the person or property of another may be used in the course of committing the offense . . . ." (Emphasis added.) However, La.R.S. 14:81.2(A) provides that the offense of molestation of a juvenile can be committed "by the use of force, violence, duress, menace, psychological

intimidation, threat of great bodily harm, *or* by the use of influence by virtue of a position of control or supervision over the juvenile." (Emphasis added.) Thus, by use of the disjunctive "or," La.R.S. 14:81.2 clearly provides for ways of committing the offense where physical force or violence is not involved, such as through "psychological intimidation" and "the use of influence." Physical contact alone, no matter how reprehensible, is not tantamount to "physical force" as required by La.R.S. 14:2(13).

The majority reaches the conclusion that, because of the particulars of the offense involved, the defendant's actions meet the requirements of La.R.S. 14:2(13) such that he committed a crime of violence, and I agree with that conclusion. However, I am concerned that the majority's conclusion that the molestation offense is always a crime of violence sweeps too broadly and unnecessarily creates a bright-line rule of interpretation within this circuit.

I would reject the defendant's argument concerning the lack of evidence of serious bodily injury simply because there is no requirement in La.R.S. 14:81.2 that the use of force or violence against a victim must result in bodily injury. By doing so, the issue of whether, in every case, the offense of molestation of a juvenile is a crime of violence would not have to be addressed. The trial court did not err *in this case* by finding that the defendant committed a crime of violence.