CARAWAY, J.
I,Robert E. Nelson was sentenced to life imprisonment without the possibility of parole, probation, or suspension of sentence, pursuant to a plea agreement. He appealed, but appellate counsel filed a motion to *715 withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the reasons stated herein, the motion to withdraw is granted, .and Nelson’s sentence is affirmed and amended to reflect that it be served at hard labor.

Facts

On April 23, 2013, officers of the Monroe Police Department responded to a burglary complaint at an apartment complex in Monroe, Louisiana. At the base of the stairway, officers discovered a Louisiana identification card and a brown jacket belonging to Robert E. Nelson (“Nelson”). The following day, officers spotted Nelson in an automobile, he attempted flight, but was quickly apprehended. The automobile he was in contained, in plain view, a small flat screen TV, two small gas cans, and several bottles of bleach.- Now in custody, Nelson began to cry “I didn’t mean to kill her” repeatedly. After the officers advised Nelson of his Miranda[1] rights, he told the officers that he had broken into the residence of Shirley Cagle (“Cagle”) at 417 Isabelle in Monroe,
Subsequently, officers went to the residence and discovered a door pushed open and quickly discovered the lifeless body of Cagle. A complete |2search of the residence also indicated that a small flat screen TV was missing and that there had been an attempt to burn the house down.
On April 30, 2015, the grand jury charged Nelson with a bill of indictment for one count of first degree murder, a violation of La. R.S. 14:30 A(l) and/or A(5).
On June 30, 2015, at Nelson’s Boykin[2] hearing, Nelson pled guilty to second degree murder. In exchange for his plea of guilty, the State agreed not to pursue the indictment for first degree murder and not seek the death penalty. Additionally, the State agreed- to dismiss the remaining charges pending against’ him.[3] At this hearing, the trial court advised Nelson as to the consequences of pleading guilty to second degree murder:
[trial court]: By pleading guilty [Nelson], you’ll be giving up the right to appeal the conviction of Second Degree Murder because you are convicting yourself by pleading guilty. And you will also be giving up the right to appeal the sentence of mandatory life imprisonment without the possibility of parole because you have agreed to that. Do you understand?
[Nelson]: Yes Sir.
Also at this hearing, Nelson agreed to the following recitation of facts by the assistant district attorney:
[assistant district attorney]: Your Hon- or, this incidence is usually a felony murder doctrine. There was a burglary of [Cagle]’s home. She was over 80 years old ... Nelson made an entry. While committing the burglary, re-entering the house, [Cagle] woke up. He struck her. She died.
| .¡Thereafter, Nelson waived sentencing delays and the trial court, pursuant to La. R.S. 13:30.1(B), ’ sentenced him to serve a mandatory life sentence without parole, probation or suspension of sentence.
*716 On July 29, 2015,- Nelson, pro se, filed a “Motion to Reconsider Sentence.” In this pleading, Nelson argued that La. R.S. 14:30.1(B) is unconstitutional under the Federal and Louisiana Constitutions. Specifically, Nelson averred that the mandatory sentence to life without benefit of parole, probation, or suspension of sentence provided in the statute is a cruel, excessive or unusual punishment, whether considered categorically or as applied to Nelson. On July 31, 2015, the trial court denied Nelson’s motion.
This appeal followed, and Nelson’s appellate counsel has filed an Anders brief, seeking to withdraw, on grounds that he could find no nonfrivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). This court granted Nelson additional time to brief arguments, which he declined to utilize.

Discussion

Benjamin, supra, outlines ‘ the procedure to be utilized in the appellate courts when an Anders 'brief is filed on behalf of an indigent defendant by appointed counsel who does not find any error to raise on appeal. State v. Fuller, 37,127 (La.App.2d Cir.6/25/03), 850 So.2d 909. Appellate Lcounsel must provide a detailed discussion of various aspects of the case, including sufficiency of the evidence, the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court’s compliance with sentencing procedures. Jyles, supra; Benjamin, supra. Moreover, the brief must not only provide a review of the procedural history of the case and evidence produced at trial, but also a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursing in the first place. Jyles, supra. Lastly, a copy of the counsel's brief must be provided to indigent and time allowed to raise any point that he pleases. An-ders, supra.
After review, we find that appellate counsel’s brief complies with all of the requirements set forth in Anders and the aforementioned jurisprudence. The brief provides a procedural history of the case, the adequacy of the trial court’s compliance with sentencing procedures, and a detailed assessment of whether the appeal is worth pursing in the first place. Also, appellate counsel verified that he mailed copies of the motion to withdraw and his brief to the defendant.
We also agree with appellate counsel that there are no nonfrivolous issues to be raised on appeal.
A plea agreement is considered a contract between the state and the criminal defendant. State v. Davis, 41,430 (La.App.2d Cir.11/1/06), 942 So.2d 652. Plea agreements are governed by the principles of contract. State v. Honeycutt, 41,601 (La.App.2d Cir.2/28/07), 953 So.2d 914. Defendant is precluded, from seeking review of his sentence because it was |Kimposed in conformity with a plea agreement set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2; State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171. La. R.S. 14:30.1(B) provides that “whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”
The record reflects that Nelson freely and voluntarily entered into a valid plea agreement. The trial court advised him that by pleading guilty to second degree murder, he would be sentenced to the *717 mandatory term of life imprisonment without the possibility of parole, probation, or suspension of sentence. Nelson admitted that he entered into the home of Cagle with the intent of committing a burglary and murdered her when she awoke. He benefitted substantially from the plea of guilty and cannot now complain of the imposition of the mandatory agreed upon sentence. Young, supra. Accordingly, appellate’s counsel motion to withdraw is granted.

Error Patent

The trial court sentenced Nelson “to serve a mandatory life sentence without parole, probation or suspension of sentence.” However, La. R.S. 14:30.1(B) mandates that the sentence be served “at hard labor.” Thus, this failure makes the sentence illegally lenient, and this is not an error automatically cured by La. R.S. 15:301.1. La.C.Cr.P. art. 882(A) provides that “An illegal sentence may be corrected at any time by the court that imposed the sentence .or by an appellate court on review.” Therefore, the sentence is hereby amended to reflect that it be served at hard labor.
| (¡Decree
Considering the foregoing, appellate’s counsel motion to withdraw is granted. The sentence is amended to reflect that it be served at hard labor, and affirmed as amended.
MOTION TO WITHDRAW GRANTED; SENTENCE AMENDED TO REFLECT THAT IT BE SERVED AT HARD LABOR; AFFIRMED AS AMENDED.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

.The charges included domestic abuse battery involving strangulation, simple burglary and possession of a controlled dangerous substance being marijuana, and simple burglary and aggravated flight from an officer.