BROWN, Chief Judge,
dissenting.
|/‘With a ‘shock the conscience’ test of constitutionality, citizens must guess what is the law, guess what a majority of nine judges will believe fair and reasonable. Such a test wilfully throws away the certainty and security that lies in a written constitution, one that does not alter with a judge’s health, belief, or his politics.” Boddie v. Connecticut, 401 U.S. 371, 393, 91 S.Ct. 780, 794, 28 L.Ed.2d 113 (1971) (Black, J., dissenting).
The Eighth Amendment’s proscription of cruel and unusual punishment not only prohibits barbaric punishment but also sentences that are disproportionate to the offense committed. Louisiana’s constitution likewise proscribes cruel, unusual and excessive sentences. An excessive sentence is one that is grossly disproportionate to the offense committed. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.
A court’s proportionality analysis should be guided by the gravity of the offense and culpability of the offender. In the case sub judice, the magnitude of the crime was great. An innocent, vulnerable man was killed. The victim, a 31-year-old slightly built man who was described as slow, was a porter at the car dealership where defendant worked. The victim’s family has been severely impacted by his death.
12An examination of the facts, however, demonstrates that this was not the usual manslaughter case; rather, it was more in the category of a negligent homicide. No guns, knives or blunt instruments were used, and no repeated blows or kicking was involved. There was no anger towards the victim or his life style. There was no specific intent to harm the victim. The defendant did not know the victim was behind him and was “startled” when the victim struck defendant on the back. Startled and in a burst of anger defendant threw a roundhouse punch. The victim was struck once and fell to the cement. Immediately defendant realized what he had done and went to the victim and cried “Little Robert, Little Robert, Little Robert ... get Clary (the boss) ... call 911 ...” The trial court said that defendant, who was 42 years old and who had no criminal record, was remorseful.
Turning to the culpability of the offender, there are again clear distinctions that courts may recognize and apply. The court should have looked at the defendant’s lack of intent to kill. Most would agree that negligent conduct is less serious than intentional conduct. Ranking criminal acts in ascending order of seriousness would be as follows: negligent acts, reckless acts, knowing acts, intentional acts, and malicious acts. A court must look at a defendant’s motive in committing a crime. Thus, a murder during an armed robbery or rape or by contract has a heightened *1228 degree of seriousness. This list simply illustrates that there are generally accepted criteria for comparing the severity of different acts.
In the case sub judice, defendant’s one punch was a reckless act and nothing more. The trial court and this court’s majority classifies defendant |sas the worst kind of offender and have imposed close to the maximum penalty allowed for manslaughter. This court’s majority categorized defendant as the worst kind of offender because he is behind on his child support, and they further determined that the many witnesses that testified that defendant, who has no criminal record, was a peaceful man, didn’t really know him. There was no evidence presented that defendant was a violent man, except for this one impulsive act.
To hype their opinion, the majority states that “defendant’s criminal conduct resulted from circumstances that are likely to recur because he apparently feels justified in taking his anger out on a physically smaller person....” Nothing in this record supports this claim which was pulled from thin air. The evidence is just the opposite. Defendant cried and admitted his fault. The trial court said defendant was remorseful. Defendant has no criminal or violent history. He did not attend the funeral because he believed his presence would offend the family.
Although comparing or distinguishing other cases is difficult, I note two other cases from the same judicial district court. First, a drunk driver traveling at a high rate of speed on a residential street broadsided a car being driven by a 17-year-old girl. The devastating impact killed the girl instantly. A registered nurse drew blood from defendant and tests showed his blood alcohol concentration (BAC) to be 0.13 percent, well over the legal limit of 0.08 percent. Despite a previous DWI arrest in Hahnville and a DWI conviction in North Carolina, the trial court sentenced the defendant to serve eight years at hard labor, with seven years suspended, subject to |4three years’ active supervised probation. State v. Gourdine, 41,469 (La.App.2d Cir.12/13/06), 946 So.2d 277 (conviction affirmed, sentence vacated, remanded with instructions).
In another case, two men got a gun and called a taxi to pick them up. After entering the cab they pulled out the gun and had the taxi driver take them to a remote location. They robbed the cab driver and shot him in the back of his head. The bullet entered the back and exited through the front of his skull. Miraculously, the cab driver lived. The man the trial court found was the shooter received a 15-year hard labor sentence for the offense of attempted second degree murder and a five year concurrent term for the armed robbery; the other man received eight-year and five-year concurrent sentences. State v. Wills, 32,073 (La.App.2d Cir.06/16/99), 740 So.2d 741.
The defendant in this case has a clean record, an ex-wife and four kids. The ex-wife testified on his behalf, as did several witnesses who worked with both defendant and the victim. He threw one punch and was sentenced to 30 years at hard labor. I may not be able to tell it but I know it when I see it. This sentence is grossly disproportionate.